IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CALIBER ONE INDEMNITY CO. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 C 2424 |
| v. | ) | |
| | ) | Magistrate Judge Maria Valdez |
| MILLARD CHICAGO WINDOW | ) | |
| CLEANING, LLC; and MILLARD GROUP | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

This insurance coverage dispute is before the Court on Defendants/Counterclaimants Millard Chicago Window Cleaning, LLC and The Millard Group Inc.'s (collectively "Millard") Motion to Compel Production of Unredacted Documents [Doc. No. 70]. For the reasons that follow, Millard's motion is granted in part and denied in part.

## DISCUSSION

In its complaint, Plaintiff/Counterdefendant Caliber One Indemnity Co. ("Caliber One") seeks, among other things, rescission of a liability insurance contract with Millard. Millard has asserted various counterclaims and affirmative defenses relating to Caliber One's allegedly inadequate defense of one of the Millard entities in an underlying personal injury lawsuit, *Villasenor v. Allstate Insurance* (the "*Villasenor* case").[1]

---

[1] The parties' submissions do not indicate whether the *Villasenor* case has been resolved, but they imply that the case is still pending.

Millard's motion asks the Court to compel Caliber One to produce unredacted versions of documents containing reserve information related to the *Villasenor* case. Millard contends that Caliber One previously produced unredacted copies of documents reflecting the reserves but redacted reserve information from a supplemental production. Millard argues that Caliber One should be compelled to produce unredacted versions of the supplemental production because Caliber One (1) did not provide a privilege log as to the withheld documents; (2) previously admitted the reserves were not privileged as to Millard; and (3) has waived any privilege objections through its earlier productions of reserve information.

Caliber One responds that the redacted documents in the supplemental production reflect current reserve calculations that are based in part on Caliber One's assessment of the merits of the present rescission action, not just the historical reserve information related to the *Villasenor* case. Caliber One argues that (1) reserve calculations are only discoverable in circumstances not present in this case; (2) reserves calculated in anticipation of litigation are protected by the work product doctrine; and (3) Caliber One's prior production did not waive the right to withhold production of current reserve information.[2]

The work-product privilege is governed by Federal Rule of Civil Procedure 26(b)(3), which provides:

> [A] party may obtain discovery of documents . . . otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such

---

[2] Caliber One also represents that it has provided Millard with a privilege log listing all documents withheld or redacted.

2

> materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

The Court therefore must determine whether (1) the reserve information is "otherwise discoverable"; (2) the information is subject to the work-product doctrine; and (3) the work-product privilege can be overcome, through the theories of waiver or substantial need. The Court concludes that under this analysis, documents reflecting the historical reserve calculations of the *Villasenor* case are discoverable and in any event are not protected by the work-product privilege. Caliber One's analysis of the relative merits of the present case, however, are not discoverable and further are subject to protection as work product. Accordingly, any current reserve calculations reflecting this analysis may be redacted.

### ***Relevance***

Caliber One's historical reserve calculations of the *Villasenor* case could be relevant to Millard's claims of ineffective defense of that lawsuit and therefore are "otherwise discoverable":

> In considering a bad faith claim in third-party [liability] insurance, the fact that the defendant established a reserve may be probative on the issue of whether there is a *potential* for liability, and thus reserve information may be relevant to the issue of bad faith.

*Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 128 F. Supp. 2d 1148, 1154 (N.D. Ill. 2001) (emphasis in original).

Caliber One acknowledges that reserve information is discoverable in a bad faith action where an insurer had refused to settle a liability claim that resulted in an excess verdict. Caliber

3

One argues, however, that Millard has not alleged "bad faith," and therefore the reserves are not discoverable. Plaintiff reads *Spearman* and the federal rules governing relevance too strictly. *Spearman* held that a computation of reserves was not sufficiently relevant to be admissible at trial, not that the reserves were not discoverable. *Id.* at 1155. The broad discovery contemplated by the federal rules is not limited to admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Caliber One's historical calculation of reserves in the *Villasenor* case could reasonably lead to admissible evidence as to whether it diligently and adequately represented Millard's interests in that litigation, and therefore it is discoverable. But to the extent that any current reserve calculation analyzes the likelihood of success of Caliber One's present rescission claim, it is not relevant to any of Millard's counterclaims or defenses and thus is not discoverable.

### *Work Product Doctrine*

Caliber One maintains that both the historical and current reserve calculations are protected by the work-product doctrine, as they were prepared in anticipation of litigation and contain Caliber One's mental impressions.[3] Caliber One further argues that its earlier production should not constitute a waiver of its right to withhold production, because (1) litigants should not be penalized for being overly inclusive in their discovery responses; and (2) the withheld (current) reserve information is qualitatively different from the previously produced (historical) reserve information.

---

[3] Caliber One does not indicate whose mental impressions are reflected in the documents, but presumably they are those of "an attorney or other representative" of Caliber One. *See* Fed. R. Civ. P. 26(b)(3); *Canel v. Lincoln Nat'l Bank*, 179 F.R.D. 224, 227 (N.D. Ill. 1998) (explaining that protection of "opinion" work product extends to a party's representative, not just attorneys).

4

Millard does not dispute that Caliber One's reserve calculations were made in anticipation of litigation or otherwise are governed by the work-product doctrine, but rather argues that any privileges were waived through Caliber One's prior production of historical reserve information.

"The work product doctrine is not absolute, and thus, its protection may be waived." *Hollinger Int'l Inc. v. Hollinger Inc.*, 230 F.R.D. 508, 516 (N.D. Ill. 2005) (citing *United States v. Nobles*, 422 U.S. 225, 239 (1975)). The work product privilege may be waived by disclosure, and "'[w]hat constitutes a waiver with respect to work-product materials depends, of course, upon the circumstances.'" *Id.* (quoting *Nobles*, 422 U.S. at 240 n.14). "Subject matter waiver based on disclosure is a form of implied waiver which is designed to ensure fairness to litigants." *Id.*

The Court holds that Caliber One has waived work product protection of historical reserve calculations. Whether or not the production was "overly inclusive and reasonable," the fact remains that Caliber One produced numerous documents reflecting this information without objection and therefore has waived any privilege that may have attached.[4] "'[W]hen a party's conduct reaches a certain point of disclosure fairness requires that the privilege should cease whether the party intended that result or not.'" *In re Consol. Litig. re: Int'l Harvester's Disposition of Wis. Steel*, 666 F. Supp. 1148, 1153 (N.D. Ill. 1987) (discussing waiver of attorney/client privilege) (citation omitted).

---

[4] Although the Court need not resolve the issue, it is also possible that Millard could have overcome the application of the work-product privilege by demonstrating a "substantial need" for the documents. *See Country Life Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, No. 03-1224, 2005 WL 3690565, at *4 (C.D. Ill. Jan. 31, 2005) (holding that a showing that documents could contain evidence of an insurer's bad faith may be sufficient to overcome the work-product privilege).

5

This subject matter waiver, however, does not extend to Caliber One's current reserve calculations. Reserve calculations reflecting Caliber One's analysis of the present case are fundamentally different from the historical calculations, and they have not previously been disclosed to Millard.

## CONCLUSION

For the foregoing reasons, Millard Chicago Window Cleaning, LLC and The Millard Group Inc.'s Motion to Compel Production of Unredacted Documents [Doc. No. 70] is granted in part and denied in part. Millard's motion to compel is granted to the extent that Caliber One must produce all documents reflecting its historical analysis of reserves in the *Villasenor* case. The motion to compel is denied as to Caliber One's analysis of the merits of the present case, and Caliber One may redact from production any information reflecting its analysis of the effect of the rescission claim on the reserve amount.

**SO ORDERED.**

Dated: **MAR 0 6 2006**

**ENTERED:**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**